■ ARDEL J. REDMOND et al., Appellants, v JOHN M. SCHULTZ, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered March 4, 1988 in Fulton County, upon a verdict rendered in favor of defendant.

On July 17, 1984, plaintiff Ardel J. Redmond (hereinafter plaintiff) was injured when the automobile she was driving was struck by an automobile being driven by defendant. Thereafter, plaintiffs commenced this personal injury suit.* Since liability was conceded, the only issue presented was whether plaintiff was entitled to recover damages. A trial before a jury was had on the question of whether plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). After the trial, the jury concluded that plaintiff had not suffered a serious injury and returned a verdict in defendant's favor. Plaintiff has appealed.

Initially, plaintiff argues that the proof that she suffered a

* Plaintiff's husband is also a plaintiff in this suit; his claim being for derivative losses. However, for the sake of convenience, only plaintiff will be referred to in the remainder of this decision.

serious injury was so overwhelming that the jury's verdict was against the weight of the evidence. We disagree. As it has been noted, "A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" *(Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, *affd* 9 NY2d 829; *see, Pettersen v Curreri,* 99 AD2d 774). In our view, the evidence in the case before us, when fairly interpreted, supported the jury's conclusion that plaintiff's injuries were not within the statutory definition of a serious injury *(see, Nazito v Holton,* 96 AD2d 550, 551). At trial, plaintiff contended that because of the accident, she suffered multiple bruises, a broken nose, chipped teeth, a forehead laceration, a temporal bone fracture which caused a partial hearing loss to her right ear, as well as tinnitus or a ringing in that ear. She submitted, *inter alia,* expert testimony to support these claims. To rebut these claims, defendant submitted his own expert testimony. Specifically, although plaintiff's experts testified that the fracture and subsequent hearing loss were caused by the accident, defendant's witness testified that no hearing loss could be attributed to the fracture. The conflicting testimony presented an issue of credibility for the jury *(see, Pettersen v Curreri, supra)* and here its resolution of the experts' conflicting opinions should prevail *(see, Ciccarella v Graf,* 116 AD2d 615, 616). Additionally, from our review of the record, the jury could also have reasonably found that the remaining injuries plaintiff allegedly suffered were not within the scope of Insurance Law § 5102 (d).

Having reached this conclusion, we nevertheless do agree with plaintiff's assertion that Supreme Court failed to properly charge the jury with respect to the definition of a serious injury. Specifically, the court failed to instruct the jury that a "fracture" is included within the definition of a serious injury *(see,* Insurance Law § 5102 [d]; PJI 2:88A [Supp]). In our view, this failure constituted fundamental error since there was ample medical evidence offered by plaintiff to support a finding that she suffered from certain fractures as a result of the accident *(see, Bassett v Romano,* 126 AD2d 693, 694). Therefore a new trial is required *(see, supra,* at 694). This is true even though plaintiff failed to object to the charge at the time of the trial *(see, Saleh v Sears, Roebuck & Co.,* 119 AD2d 652, 653, *lv denied* 68 NY2d 611).

Judgment reversed, on the law, and matter remitted to the

Supreme Court for a new trial, with costs to abide the event. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.