287 N.J. Super. 518 (1996)
671 A.2d 606
MARK SHERRY, PLAINTIFF-RESPONDENT,
v.
JOHN J. BUONANSONTI, DEFENDANT-APPELLANT, AND JOSEPH L. TRAFICANTE, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1996.
Decided February 27, 1996.
*519 Before Judges MICHELS, VILLANUEVA, and KIMMELMAN.
*520 John C. Prindiville argued the cause for appellant (Mauro, Barry & Prindiville, attorneys; Mr. Prindiville, on the brief).
Christopher R. Brown argued the cause for respondent (Drazin & Warshaw, attorneys; Mr. Brown, on the brief).
The opinion of the court was delivered by KIMMELMAN, J.A.D. (temporarily assigned).
In this verbal threshold case, a jury verdict of $600,000 was molded by the trial court, pursuant to agreement of counsel, to $100,000, the limit of defendant's insurance coverage.[1] The parties had agreed upon the limit of liability, and the trial was confined to the verbal threshold issue and to damages. Defendant appeals from the order for judgment entered in the Law Division on the grounds that the $600,000 verdict was so excessive as to taint the entire case, thereby justifying a new trial. Encompassed within defendant's appeal is the denial of defendant's pre-trial motion for summary judgment on the grounds that plaintiff did not meet the verbal threshold and the denial of defendant's motion for an involuntary dismissal at the conclusion of plaintiff's case on the grounds that plaintiff failed to meet the verbal threshold. We agree that plaintiff did not meet the verbal threshold requirements of N.J.S.A. 39:6A-8a and reverse.
At the time of the accident, at approximately 1:00 a.m. on May 16, 1990, plaintiff was a passenger asleep in the rear seat of defendant's car, and was wearing a seat belt. The car was being driven by co-defendant Joseph L. Traficante, who is not a party to this appeal. The driver lost control of the car and it hit a utility pole. Plaintiff experienced intense pain in his back and was taken to the emergency room of a local hospital. X-rays were taken, and plaintiff was given pain medication, a muscle relaxer, and a neck brace. He was released the same night and sent home.
*521 Plaintiff missed three weeks of work as manager of a local Gap, a retail clothing store. When he returned to work, he worked shorter hours than the regular forty-hour work week and could not perform such physical activities as lifting, pushing, or pulling. After about a month, plaintiff resumed his normal forty-hour work week and performed his managerial duties, but was restricted in lifting, pushing, or pulling.
On August 18, 1990, plaintiff was involved in another accident, this time as a front-seat passenger and was not wearing a seat belt. He was thrown forward, hit his head, and received five stitches in his eyebrow. Plaintiff then underwent physical therapy which lasted six months or more. He continued treatment with Dr. Robert Dennis, an orthopedist, until September 5, 1991, and then saw an orthopedic surgeon twice and a chiropractor twice.
As of a November 29, 1990, examination, some six months after the first accident, Dr. Dennis found no active pathology or spasm. Plaintiff's range of motion in his neck was close to normal, and the range of motion in his back was normal. It was the doctor's opinion that plaintiff suffered acute, severe, and chronic soft tissue injuries with residual and significant ligamentous damage to the cervical spine. There were subjective complaints of pain by plaintiff, but Dr. Dennis could only opine that the CAT scan of plaintiff showed signs that were "very suggestive of degeneration that had occurred subsequent to the accident."
In our view, a sign "suggestive of degeneration" does not meet the requirement of objective, credible evidence of injury required under the holding of Oswin v. Shaw, 129 N.J. 290, 319, 609 A.2d 415 (1992), and is insufficient to support plaintiff's subjective complaints.
Likewise, as required by Oswin, plaintiff was unable to show that the injury had a significant or serious impact on his life. Id. at 318, 609 A.2d 415. He testified that he was limited to an extent in swimming and only occasionally was able to engage in social *522 dancing. Plaintiff lived alone and was still able to do housework. He also had returned to work as the Gap store manager.
In Cavanaugh v. Morris, 273 N.J. Super. 38, 39-40, 640 A.2d 1192 (App.Div. 1994), we recently summarized the Oswin requirements as follows:
[A] complaint alleging a permanent soft tissue injury survives a defense motion for summary judgment if plaintiff can raise a genuine and material factual dispute of these propositions: first, that the allegation of injury is based on credible, objective, medical evidence; second, that objective medical evidence supports the causal relationship between the injury and the disability alleged to have resulted therefrom; third, that the disability has the objective capacity to have a serious impact on the plaintiff's life; and fourth, that from the subjective point of view of plaintiff, the disability did have such a serious impact.
We are satisfied that the facts of this case could not survive a defense motion for summary judgment under the Cavanaugh analysis.
This case is more akin to the facts in Phillips v. Phillips, 267 N.J. Super. 305, 318, 631 A.2d 564 (App.Div. 1993), where we said:
Phillips only lost three weeks from work and was able to return to full-time duties and even worked overtime. She also appears to have been able to do most of her household duties. The comparatively small limitations on her range of motion, which have improved since the accident, do not establish that her life has been significantly or seriously impacted within the contemplation of the verbal threshold statute.
We concur with the motion judge that as a matter of law these were not such "serious" injuries within the intent of the verbal threshold statute to carry Phillips across the statutory threshold.
Finally, we note that plaintiff failed to present sufficient evidence that the car accident of May 16, 1990, rather than the subsequent car accident of August 18, 1990, caused plaintiff's condition. There was no comparative analysis which could attribute plaintiff's present condition to either or both of the two accidents as required by Polk v. Daconceicao, 268 N.J. Super. 568, 634 A.2d 135 (App.Div. 1993), where we said:
A diagnosis of aggravation of a pre-existing injury or condition must be based upon a comparative analysis of the plaintiff's residuals prior to the accident with the injuries suffered in the automobile accident at issue. This must encompass an evaluation of the medical records of the patient prior to the trauma with the objective medical evidence existent post trauma. Without a comparative analysis, *523 the conclusion that the pre-accident condition has been aggravated must be deemed insufficient to overcome the threshold of N.J.S.A. 39:6A-8a.
[Id. at 575, 634 A.2d 135.]
By reason of the foregoing, the trial court should have granted defendant's motion for an involuntary dismissal at the conclusion of plaintiff's case. Instead, the trial court submitted the case under special interrogatories to the jury.
Although not required to support our decision, we must mention that the jury's finding of injuries sufficient to meet the verbal threshold criteria, coupled with a damage award of $600,000, shocks our judicial conscience to the point of tainting the entire verdict. See Carey v. Lovett, 132 N.J. 44, 66, 622 A.2d 1279 (1993); Taweel v. Starn's Shoprite Supermarket, 58 N.J. 227, 231, 276 A.2d 861 (1971).
For the reasons expressed, the matter is reversed and remanded solely to enter judgment of dismissal in favor of defendant John J. Buonansonti.
NOTES
[1] Reference to defendant is to John J. Buonansonti, the appellant in this matter, who was the owner of the vehicle in question.