837 A.2d 378

SARA THOMPSON AND WARREN THOMPSON, PLAINTIFFS–APPELLANTS, v. JOSEPH L. POTENZA, MARY ANN R. NICOLINI, GERARD NICOLINI AND CENTRAL JERSEY COURIER, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 20, 2003—Decided December 5, 2003.

---

[1] We invited Judge Hoens to format for publication her previously issued opinions.

Before Judges PETRELLA, COLLESTER and FUENTES.

*Gerald F. Della Sala* argued the cause for appellants (*Baer, Arbeiter, Ploshnick, Tanenbaum & Weiss,* attorneys; *Steven Mark,* on the brief).

*Glenn T. Dyer* argued the cause for respondents Joseph L. Potenza, Mary Ann R. Nicolini and Gerard Nicolini (*Connell*

*Foley,* attorneys; *Richard J. Badolato,* of counsel; *George A. Hopkins,* on the brief).

*Bruce A. Magaw* argued the cause for respondent Central Jersey Courier (*Decker & Magaw,* attorneys; *Mr. Magaw,* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Sara and Warren Thompson (plaintiffs) [1] appeal from the grant of summary judgment dismissing their complaint on the basis that they failed to overcome the verbal threshold of the No Fault Act. Plaintiffs sought damages against Joseph L. Potenza, Mary Ann R. Nicolini, Gerard Nicolini, and Central Jersey Courier (defendants) for personal injuries in connection with a motor vehicle accident. The Nicolinis owned the other vehicle, a van, which was driven at the time by Potenza in the course of his employment with Central Jersey Courier. In finding that plaintiffs did not surpass the verbal threshold, the judge concluded that Potenza was a permissive user of the van, and that it was not customarily used for commercial purposes.

Plaintiffs argue that the defendants are not entitled to invoke the verbal threshold because the van does not meet the statutory definition of an automobile. In the alternative, they assert that based on Thompson's injuries she exceeded the verbal threshold. Additionally, plaintiffs believe that the motion judge erroneously granted summary judgment to defendant Central Jersey Courier because it was liable for Potenza's negligence under the doctrine of respondeat superior.

The record reveals the following facts. Thompson was involved in a motor vehicle accident in Edison Township on April 9, 1999, with a van operated by Potenza, and owned by the Nicolinis.

---

[1] Reference to Thompson or plaintiff in the singular refers to Sara Thompson. Her husband, Warren Thompson, asserted a *per quod* claim.

Both vehicles had personal injury protection coverage (PIP), with the election of the verbal threshold.

Potenza was an employee of Central Jersey Courier, an entity owned by the Nicolinis' son. On the date of the accident the son borrowed the van with his parents' permission and in turn loaned it to Potenza to make a delivery for Central Jersey Courier. The accident occurred when Potenza was returning to the office after making the delivery. At a deposition, Potenza admitted that he had used the van "approximately once a week" to make deliveries. Defendant Mary Ann Nicolini certified that the van was a personal vehicle normally used for "going to the store, going to work and going on trips." Nothing was submitted to challenge that statement.

Mrs. Thompson did not seek medical treatment on the day of the accident. Instead, she first presented to the emergency room at Rahway Hospital the next day with complaints of headaches and pain on her lower back and neck. She indicated in her patient history that she had experienced pain in her neck and back in the past. X-rays taken at the hospital revealed only scoliosis and mild degenerative changes in her lower spine. She was discharged on the same day with ice packs and pain medications.

Still complaining of neck and back pains, Thompson had an MRI procedure on May 28, 1999, which revealed some abnormalities in her spine at C6–7 and a "mild broad-based disc bulge" in her lower back. The record indicates that she sought chiropractic treatment at least from April 14, 1999 to October 19, 2000, at Toto Chiropractic Center. Her chiropractor was of the opinion that she suffered from cervical sprain, lumbar sprain, cervical spondylosis without myelopathy, cervical radiculitis, degeneration of the cervical spine, and lumbar radiculitis due to disc displacement. A subsequent electrophysiological study performed on October 19, 2000 concluded "findings are consistent with right lower cervical radiculopathy and right lumbosacral radiculopathy."

Thompson was also examined by Dr. Steven Goldman on behalf of her PIP carrier on November 2, 1999.[2]

Prior to her visits at Toto Chiropractic Center, Thompson had been seeing Dr. Clifford Hochberg, another chiropractor. Since at least 1990, she had complained to Dr. Hochberg of pain in her neck and back. Her last visit was on May 19, 1997.

In her deposition, Thompson claimed that after the accident, she had difficulty doing regular housework and lifting heavy items. She continued to do the shopping, housework, cooking, and child rearing, without assistance. Also, she went to the gym five days a week to use the treadmill and light weights.

## I.

Plaintiffs contend that the defendants are not entitled to the protection of the verbal threshold because the van did not meet the statutory definition of an automobile.

The New Jersey Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–1 *et seq.*, allows an eligible person a complete defense from tortious noneconomic damages arising "out of the ownership, operation, maintenance or use of such automobile...." *N.J.S.A.* 39:6A–8.

The statute defines an automobile as:

a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, *not customarily used in the occupation, profession or business of the insured* other than farming or ranching. [*N.J.S.A.* 39:6A–2a (emphasis added).]

Because a van is involved, we must construe the statutory meaning of "customarily" and "insured." The statute does not

---

[2] Dr. Goldman's report stated that plaintiff "no longer experiences any pain in her neck or low back" and "should be able to perform her activities of daily living."

define those terms and plaintiffs argue that because the van was used once a week for an unknown period in the business of Central Jersey Courier it should be considered customarily used in the business of the insured.

The purpose of the statute is reparation and it is to be "liberally construed so as to effect the purpose thereof." *N.J.S.A.* 39:6A–16. *See Aponte–Correa v. Allstate Ins. Co.,* 162 *N.J.* 318, 323, 744 *A.*2d 175 (2000); *New Jersey Coalition of Health Care Prof'ls, Inc. v. New Jersey Dept. of Banking and Ins., Div. of Ins.,* 323 *N.J.Super.* 207, 216, 732 *A.*2d 1063 (App.Div.), *certif. denied,* 162 *N.J.* 485, 744 *A.*2d 1208 (1999).

▪ The term "insured" is not limited to the named insured but includes the operator of the vehicle at the time of the accident. *See Estate of Leeman v. Eagle Ins. Co.,* 309 *N.J.Super.* 525, 707 *A.*2d 1037 (App.Div.1998). In *Leeman,* we held that a pick-up truck was covered as an automobile under the statute because the decedent's use "was no more associated with his occupation, profession, or business than if he had simply availed himself of public transportation." *Id.* at 534, 707 *A.*2d 1037.

In that case, the decedent borrowed a truck from his employer. The court determined that the truck was an automobile because decedent driver was using it to commute to and from work. The court did not consider the use of the truck by the named insured (presumably decedent's employer) who used the truck commercially in its business. The *Leeman* holding indicates that the "insured" is not necessarily the owner of the vehicle or the named insured of the vehicle involved in the accident. In short, the vehicle was considered an automobile because the driver was using it for personal purposes.

The statute similarly classifies a van and a pick-up truck under the automobile definition. Gerard Nicolini is the named insured under the insurance policy for the van in this case. Because plaintiffs reside at the same location, Mary Ann R. Nicolini is deemed a named insured by statute. *See N.J.S.A.* 39:6A–2g.

Potenza can be considered the "insured" because he was the driver. Thus, although the named insureds were personally using the van, whether it is a statutory automobile at the time of the accident depends on Potenza's use.

The issue is whether the vehicle was customarily used in the occupation, profession or business of Potenza. Plaintiffs argue that Potenza's statement at his deposition that he had been using the vehicle to make deliveries "approximately once a week" created a genuine issue of fact for customary commercial use. It is undisputed that at the time of the accident the vehicle was being used in the course of the business of Central Jersey Courier and that Potenza was an employee of the delivery company.

The statute does not define "customarily." If the statute "is not clear and unambiguous, we consider sources other than the literal words of the statute to guide our interpretive task." *Aponte–Correa, supra* (162 *N.J.* at 323, 744 *A.*2d 175) (including the statutory purpose, legislative history, and statutory context). Absent a clear legislative intent to the contrary, words in a statute are given their common meaning. *Burns v. Belafsky,* 166 *N.J.* 466, 476, 766 *A.*2d 1095 (2001). Dictionary definitions may be utilized to determine a word's common meaning. *Matthews v. State,* 187 *N.J.Super.* 1, 7–8, 453 *A.*2d 543 (App.Div.1982), *appeal dism'd,* 93 *N.J.* 298, 460 *A.*2d 694 (1983). The word "customarily" means "usually, habitually, according to custom; general practice or usual order of things; regularly." *Black's Law Dictionary,* 385 (6th ed.1990).

Based on the common definition of the term, plaintiffs have not shown a genuine issue of material fact that the van was customarily used in the business. Plaintiffs' reliance on the single statement of Potenza that it "could have been" used once a week does not rise to the level of establishing a "usual" or "habitual" commercial use and the van remains a personal vehicle.

Based on the foregoing discussion, plaintiffs failed to establish a genuine issue of fact regarding the vehicle's qualifying as an automobile under the language of the statute. *Brill v. Guardian*

*Life Ins. Co. of Am.,* 142 *N.J.* 520, 540, 666 *A.2d* 146 (1995). Accordingly, summary judgment for defendants was appropriate on that issue.

## II.

[3] Plaintiffs next contend that Thompson's injuries vaulted the verbal threshold.

The Legislature adopted the Automobile Insurance Cost Reduction Act (AICRA) in 1998, effective March 22, 1999, to amend *N.J.S.A.* 39:6A–8. Craig & Pomeroy, *New Jersey Auto Insurance Law* 251 (GANN, 2003). The after-amended statute provides that an eligible person may be exempt from all

> tort liability for noneconomic loss . . . as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in the State, unless that person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
>
> [*N.J.S.A.* 39:6A–8a.]

Before the amendment, categories of injuries that allowed a plaintiff to avoid the verbal threshold were "death" (Type 1); "dismemberment" (Type 2); "significant disfigurement" (Type 3); "fracture" (Type 4); "loss of a fetus" (Type 5); "permanent loss of use of a body organ, member, function or system" (Type 6); "permanent consequential limitation of use of a body organ or member" (Type 7); "significant limitation of use of a body function or system" (Type 8); and "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment" (Type 9). Craig & Pomeroy, *supra* at 252. Because the insurance policies of both parties at the time of the accident had been issued prior to the effective date of the amendment, the preexisting threshold catego-

ries apply. *See N.J.S.A.* 39:6A–8b. There is no real dispute as to that conclusion in this case.

█ In order to defeat a summary judgment motion asserting the verbal threshold a plaintiff seeking compensation for noneconomic injury must show a "material dispute of fact by credible, objective medical evidence" that at least one of the enumerated categories of injuries has occurred. *Oswin v. Shaw*, 129 *N.J.* 290, 314, 609 *A.*2d 415 (1992). If the plaintiff is claiming a Type 6, 7, or 8 injury, plaintiff must also show a serious impact on her life.[3] *Fowler v. Crystal Motors, Inc.*, 340 *N.J.Super.* 33, 40, 773 *A.*2d 730 (App.Div.2001).

The record contains the opinion of Thompson's chiropractor, who had continuously treated her at least from April 1999 to October 2000. He had concluded that she has suffered several soft tissue injuries. Nonetheless, the hospital triage and MRI performed on Thompson the day after the accident revealed no significant injuries. Moreover, before the accident, Thompson had already been diagnosed with neck and back pain and had been receiving chiropractic treatment. Indeed, plaintiffs' alleged injuries were not necessarily established as caused solely by the accident in 1999. In any event, the record lacks objective medical evidence of compensable injury.[4] Thompson's subjective complaints of pain are not enough to meet this standard. *See Oswin, supra* (129 *N.J.* at 318, 609 *A.*2d 415).

---

[3] At oral argument plaintiffs claimed a Type 6, 7 or 8 injury. Plaintiffs did not so specify in their complaint, or in their brief in opposition to summary judgment, or their brief filed on this appeal.

[4] We reject plaintiffs' contentions to the contrary at oral argument. The May 29, 2003 Supreme Court decision of *Knowles v. Mantua Township*, 176 *N.J.* 324, 823 *A.*2d 26 (2003), is inapplicable to these facts. That case dealt with standards under the New Jersey Tort Claims Act (TCA). The TCA requires "objective permanent injury" and a "permanent loss of a bodily function." *Id.* at 329, 823 *A.*2d 26. As already discussed, these are not the same standards as that of the verbal threshold. Furthermore, the plaintiff in *Knowles* had no history of pain and presented substantial medical evidence of his injuries. Also, plaintiffs never cited *Knowles* in their brief or submitted a letter under *R.* 2:6–11.

Plaintiffs have not demonstrated by objective medical evidence that there was a serious impact (for Types 6, 7, and 8) or injury that prevented her from performing substantially all of her usual and customary activities (for Type 9). In short, her complaints are subjective. They do not constitute a serious impact on her life. *See also Sherry v. Buonansonti,* 287 *N.J.Super.* 518, 522–523, 671 *A.*2d 606 (App.Div.), *certif. denied,* 144 *N.J.* 588, 677 *A.*2d 760 (1996) (finding that a limited loss of ability to swim and dance was not enough of a serious impact); *Phillips v. Phillips,* 267 *N.J.Super.* 305, 317–318, 631 *A.*2d 564 (App.Div.1993) (plaintiff's claims that she could no longer crochet, go to the flea market, or bake were not enough to satisfy the requirement for a serious impact). Thus, summary judgment was appropriate based on the failure to meet the verbal threshold.

### III.

Lastly, plaintiffs contend that the judge erroneously granted summary judgment to Central Jersey Courier because it was Potenza's employer and liable under the doctrine of respondeat superior.

Both the amended and pre-amended versions of the *N.J.S.A.* 39:6A–8 state that "[e]very owner, registrant, operator or occupant of an automobile to which [*N.J.S.A.* 39:6A–4] . . . applies, and every person or organization legally responsible for his acts or omissions" is entitled to the threshold defense. Both versions of *N.J.S.A.* 39:6A–4 also dictate that PIP coverage extends to the owners of the automobiles or to those using the automobile with the permission of the named insured.

Under the statute, the Nicolinis, who maintained PIP coverage, are entitled to the lawsuit threshold defense as owners of the van. Potenza is also entitled to the defense by virtue of being a permissive driver. Central Jersey Courier may assert the defense as Potenza's employer.

Affirmed.