841 A.2d 954 (2004)
366 N.J. Super. 564
Raya VILLANUEVA, Plaintiff-Appellant,
v.
Burton LESACK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 2004.
Decided February 18, 2004.
Ian Stuart, Haddon Heights, attorney for appellant.
Styliades, Jackson & Dimeo, attorneys for respondent (Teresa Gerlock Hanni, on the brief).
Before Judges AXELRAD, WINKELSTEIN and LARIO.
The opinion of the court was delivered by WINKELSTEIN, J.A.D.
The primary issue presented by this appeal is whether plaintiff, an automobile accident victim who sustained a displaced fracture in an area of her cervical spine, may maintain a suit for noneconomic losses under the Automobile Insurance Cost Reduction Act of 1998 (AICRA), N.J.S.A. 39:6A-1.1 to35, as amended by L. 1998 c. 21, without demonstrating that the injury had a serious impact on her and her life. See Oswin v. Shaw, 129 N.J. 290, 318, 609 A.2d 415 (1992); James v. Torres, 354 N.J.Super. 586, 591, 808 A.2d 873 (App. Div.2002), certif. denied, 175 N.J. 547, 816 A.2d 1049 (2003). The motion judge dismissed plaintiff's complaint; he concluded that plaintiff failed to meet this serious impact test to maintain her cause of action for noneconomic damages. We reverse. Because a displaced fracture falls within one of AICRA's categories of self-defined injuries, see N.J.S.A. 39:6A-8a, once a displaced fracture has been demonstrated, a plaintiff need not prove that the injury had a "serious impact on the plaintiff and her life." See Oswin, supra, 129 N.J. at 318, 609 A.2d 415.
*955 We construe the facts in a light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995). Because we reverse the summary judgment dismissing plaintiff's complaint on the grounds that plaintiff was not required to prove that her injuries had a serious impact on her and her life, we do not address the motion judge's finding that plaintiff's injuries did not meet that test. Rather, for purposes of this opinion only, we assume that plaintiff's injuries have not had a serious impact upon her life and she would not qualify for noneconomic damages under the Oswin/James analysis.
Plaintiff was injured in an automobile accident on October 21, 1999, when defendant's vehicle turned into her lane of travel and struck her vehicle head-on. At the time of the accident, plaintiff was thirty-three years old. She remained out of work for seven months following the accident.
From the accident scene, plaintiff was taken by ambulance to the emergency room at West Jersey Hospital with complaints of neck pain and "numbness and tingling going down her upper extremities." Although plaintiff's complaints and symptoms abated over time, her diagnosis remained elusive. Because of the location of the spinal injuries, the fractures were difficult to visualize on radiographic studies. However, the evidence is sufficient to raise a factual dispute as to whether plaintiff's fracture was displaced.[1]
As early as December 10, 1999, a radiological report of plaintiff's cervical spine showed a "fracture deformity through the posterior arch of C2 with a few [millimeters] of displacement of the fracture fragment...." A February 2, 2000 CT scan of plaintiff's upper cervical spine found both a nondisplaced fracture of the left lamina of C2, partially healed, and a complete fracture of the right pedicle of C2, without "obvious bony union." Henry E. David, D.O., after reviewing various radiological reports, observed at the C5 level, "a radial lucency ... significantly wider and displaced several millimeters, as well as... some inferior displacement of the fracture fragment...." From these facts a jury could conclude that plaintiff's fracture was displaced. Thus, the critical question then becomes whether plaintiff needs to show that the displaced fracture has had a serious impact on her and her life to maintain a claim for noneconomic damages under AICRA. We hold that she does not.
In the predecessor to AICRA, N.J.S.A. 39:6A-8a, passed in 1988, (the 1988 Act), recovery for noneconomic losses was restricted to nine types of injuries:
TYPE 1: death;
TYPE 2: dismemberment;
TYPE 3: significant disfigurement;
TYPE 4: a fracture;
TYPE 5: loss of a fetus;
TYPE 6: permanent loss of use of a body organ, member, function or system;
TYPE 7: permanent consequential limitation of use of a body function or system;
TYPE 8: significant limitation of use of a body function or system;
TYPE 9: a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the *956 180 days immediately following the occurrence of the injury or impairment....
[Oswin, supra, 129 N.J. at 314-15, 609 A.2d 415.]
Because, however, the 1988 Act "did not attain its objective of reducing automobile insurance premiums in New Jersey," James, supra, 354 N.J.Super. at 592, 808 A.2d 873, the Legislature subsequently adopted AICRA, which provides for a "limitation on lawsuit option," N.J.S.A. 39:6A-8a, commonly referred to as the verbal threshold, and a "no limitation on lawsuit option," N.J.S.A. 39:6A-8b; Rios v. Szivos, 354 N.J.Super. 578, 582-83, 808 A.2d 868 (App.Div.2002). The limitation on lawsuit option, which applies to plaintiff's automobile insurance policy,[2] did away with the nine types of injuries set forth in the 1988 Act, and instead limits the right to sue for noneconomic damages only to those persons who have:
sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment.
[N.J.S.A. 39:6A-8a.]
A comparison of the 1988 Act with AICRA reveals that while under the former, a Type 4 fracture did not need to be displaced to allow a plaintiff to seek noneconomic loss, see Fowler v. Crystal Motors, Inc., 340 N.J.Super. 33, 40, 44, 773 A.2d 730 (App.Div.2001), AICRA restricts the right to compensation for noneconomic loss only to those fractures that are displaced, with non-displaced fractures falling into the catch-all category of injuries that need to be permanent to allow a lawsuit for noneconomic damages. N.J.S.A. 39:6A-8a. Thus, with the passage of AICRA, in an effort to eliminate lawsuits for injuries that were not serious or permanent, the Legislature drew a distinction between non-displaced fractures, and displaced fractures, considering the latter inherently more serious than the former. See N.J.S.A. 39:6A-1.1b (finding AICRA "provid[es] for a revised lawsuit threshold for suits for pain and suffering which will eliminate suits for injuries which are not serious or permanent....").
Governor Whitman, in her conditional veto message of the AICRA legislation, hammered this point home, drawing a clear distinction between a displaced fracture, and other injuries, presumably including non-displaced fractures, which were not as serious. She noted that under AICRA, lawsuits for noneconomic loss were barred unless "fractures [are] displaced and ... other injuries [are] serious enough never to heal sufficiently to regain normal function." See Thomas P. Weidner & Michael J. Canavan, The "New" Verbal Threshold: But is it Improved?, 24 Seton Hall Legis. J. 117, 132 (1999) (quoting Governor Whitman's Conditional Veto Message of Senate Bill No. 3 (Apr. 27, 1998)).
Indeed, the Legislature has categorized displaced fractures separate from other injuries that are required to be permanent to permit compensation for noneconomic loss; instead, displaced fractures are listed in the statute along with death, dismemberment, loss of a fetus, and significant disfigurement or scarring, forms of *957 harm which, consistent with our jurisprudence, have allowed a plaintiff to sue for noneconomic damages without the need for a plaintiff to prove the injury has had a serious impact upon her life. See Fowler, supra, 340 N.J.Super. at 40, 773 A.2d 730 (finding Oswin limited the serious impact test to Types 6, 7, and 8 under the 1988 Act); Vellucci v. DiMella, 338 N.J.Super. 345, 348, 769 A.2d 410 (App.Div.2001) (finding serious impact test not necessary for type 9 injury); Puso v. Kenyon, 272 N.J.Super. 280, 290, 639 A.2d 1120 (App. Div.1994) (finding Oswin's serious impact test not applicable to injuries which define themselves).
Against this background, the import of the plain language of AICRA is that the Legislature has drawn a distinction between non-displaced fractures, which fall into a category of injuries that must be permanent to allow a lawsuit for noneconomic damages; and displaced fractures, which are self-defined injuries and are by their very nature considered serious and not subject to a showing of permanency. Thus, while a non-displaced fracture may require a plaintiff to show that the injury had a serious impact upon her life, the displaced fracture, being inherently serious, is not subject to the Oswin/James analysis.
This conclusion is not inconsistent with our holding in James, supra, where we found that the Legislature intended "to require that an injury be both permanent and serious to permit a plaintiff to cross the amended verbal threshold." 354 N.J.Super. at 596, 808 A.2d 873. Because the plaintiff in James suffered bulging disc injuries, our analysis was informed by the Legislature's decision to "discard[ ] the existing categories six, seven, eight and nine," replacing them with the "permanent" injury category. Id. at 592, 808 A.2d 873. A fracturewhich was not a Type 6, 7, 8, or 9 injury under the 1988 Actwas not a consideration. Ibid.; see also Weidner & Canavan, supra, at 128-29 (noting that the primary change from the 1988 Act to AICRA was "the telescoping of former injury types six through nine into one type of injury: `permanent'").
Accordingly, plaintiff's objective evidence of a displaced fracture is sufficient to surmount the verbal threshold for purposes of the summary judgment motion without the additional requirement that plaintiff demonstrate that the fracture had a serious impact upon her and her life. The decision of the motion judge dismissing plaintiff's complaint is reversed. The complaint is reinstated and the case is remanded for further action consistent with this opinion.
Reversed and remanded.
NOTES
[1] "Displacement" is "[r]emoval from the normal placement or position." Stedman's Medical Dictionary, 528 (27th ed.2000).
[2] Although plaintiff's automobile insurance policy has not been included in either parties' appendix, no dispute exists that AICRA is applicable to the policy.