NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3273-20

AMADA SANJUAN,

      Plaintiff-Appellant,

v.

SCHOOL DISTRICT OF
WEST NEW YORK,
HUDSON COUNTY,

      Defendant-Respondent.
_____

APPROVED FOR PUBLICATION

August 25, 2022

APPELLATE DIVISION

      Argued April 25, 2022 – Decided August 25, 2022

      Before Judges Sumners, Vernoia, and Petrillo.

      On appeal from the Superior Court of New Jersey,
      Chancery Division, Hudson County, Docket No.
      C-000030-21.

      Evan L. Goldman argued for appellant (Goldman
      Davis Krumholz & Dillon, PC, attorneys; Evan L.
      Goldman, of counsel and on the briefs; Kelly A.
      Smith, on the briefs).

      David J. Kass argued for respondent (Florio Perrucci
      Steinhardt Cappelli Tipton & Taylor, LLC, attorneys;
      David J. Kass and Lester E. Taylor, on the brief).

      The opinion of the court was delivered by

SUMNERS, JR., J.A.D.

Amada Sanjuan appeals from a Law Division order confirming an arbitration award which sustained tenure charges filed by the West New York Board of Education ("Board" or "school district") against her; demoted her from assistant principal to a fourth-grade teacher; and determined she was not entitled to backpay withheld from her under N.J.S.A. 18A:6-14 for a one-hundred-and-twenty-day suspension-without-pay period that was imposed upon the Board's certification of the charges. Sanjuan's appeal requires us to consider issues of first impression: (1) whether the arbitrator had the authority to demote Sanjuan under N.J.S.A. 18A:6-16; and (2) whether the arbitrator had the right to deny Sanjuan backpay arising from her suspension-without-pay period after determining her employment should not be terminated.

We affirm the arbitrator's determination that Sanjuan was not entitled to backpay withheld from her during her suspension-without-pay period based upon his determination that her conduct was unbecoming of a teaching staff member. We reverse and remand because upon determining Sanjuan's conduct was unbecoming but that she should not be terminated, the arbitrator lacked the statutory authority to demote her from her assistant principal position and he could only reduce her salary. Sanjuan should be reinstated to her assistant principal position. On remand, the arbitrator must determine to what extent, if

2

any, Sanjuan's salary should be further reduced through suspending her without pay or withholding salary increments, or a combination thereof.

## I.

Because this appeal turns on our interpretation of the arbitrator's authority under N.J.S.A. 18A:6-16 and not whether the Board sustained the tenure charges, we need not dwell on the facts concerning Sanjuan's actions and the ensuing procedural history that led to the disciplinary proceeding. To give context to our decision, a summary will suffice.

After being hired by the Board as a full-time bilingual education teacher in 1997, and obtaining tenure as a classroom teacher, Sanjuan was promoted to several supervisory positions until being appointed to an assistant principal position at Memorial High School in 2019. On the evening of February 12, 2020, Sanjuan was attending a student activity at the high school when she fell down a flight of stairs, tumbling multiple times until she landed on the floor. After hearing a commotion, a teacher and a custodian rushed to the stairs where they saw Sanjuan sitting on the floor and rubbing her thigh. When they briefly left, Sanjuan reached into her purse, removed a piece of paper, stood up, walked half-way up the stairway, placed the piece of paper on one of the stairs, and returned to the bottom of the stairs. Sanjuan then returned to sitting on the floor, continued to rub her thigh, checked the back of her head and

A-3273-20

ankle with her hands, and briefly texted on her cellphone until the custodian returned with water for her, along with the teacher. She then pointed out to them there was paper on the stairs that caused her fall.

The following morning, the Board's benefits coordinator spoke to Sanjuan—who was out of work and home—to complete an illness and injury report. Based on her conversation with Sanjuan, the benefits coordinator wrote on the report that "[Sanjuan] saw a piece of paper on the steps, and she slipped/lost her balance. She fell down the entire set of steps and landed on her back hitting her head on the concrete floor." Upon receiving the emailed report from the benefits coordinator, Sanjuan replied that "everything looked correct"; she signed and scanned the report, and emailed it back to the benefits coordinator.

Later that same morning, the high school's principal viewed the surveillance video footage showing Sanjuan's fall and, moments later, "[w]alk[ing] . . . halfway up the flight of stairs and plac[ing] the [piece of] paper down on the step." It was later learned that the surveillance video showing Sanjuan's fall and her placement of the piece of paper on the step was circulating among staff at one of the school district's elementary schools.

Following an investigation, the Board determined that Sanjuan should be terminated from her tenured assistant principal position. In accordance with

the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1, the Board on August 31, 2020, certified tenure charges against Sanjuan alleging conduct unbecoming and suspended her without pay for one hundred and twenty days. The Board alleged that Sanjuan attempted to "manipulate the scene" of her fall and made a "false report of the incident"; "continued lying"; her incident report statement constituted "insurance fraud"; was insubordinate for refusing to disclose the name of the person who told her about the dissemination of the surveillance video; and other just cause.

The Commissioner of Education reviewed the tenure charges and Sanjuan's written response, and pursuant to N.J.S.A.18A:6-16, "determine[ed] that such charge[s] [were] sufficient to <u>warrant dismissal or reduction in salary</u> of the person charged, [and] . . . refer[red] the case to an arbitrator pursuant to [N.J.S.A. 18A:6-17.1]." (Emphasis added).

Following a hearing, the arbitrator issued a written award on January 21, 2021, finding Sanjuan's conduct was unbecoming of a teaching staff member by placing a piece of paper on the steps after her fall to misrepresent how the incident occurred, and for refusing to reveal who told her about the video of the incident.[1] As for Sanjuan's discipline, the arbitrator rejected the Board's

---

[1] The arbitrator determined the alleged insubordination "play[ed] a notably limited supporting role" in the charges.

position that "it is within [his] right . . . to fashion discipline that is less than the dismissal of a tenured school employee," noting the Board "attempt[ed] to draw a line at . . . [Sanjuan's] administrative position, which would [have] limit[ed] the arbitrator to mitigating the dismissal to a suspension." Interpreting N.J.S.A. 18A:6-16,[2] the arbitrator ruled:

> First, this [statutory] language is a threshold for the tenure charge(s) moving to the arbitration step rather than being dissolved for insufficiency; it is not necessarily a limit on the arbitrator's subsequent remedial authority. Second, even if there were a showing that the legislature intended it to serve as a remedial limit, said "reduction" obviously is not attached to the narrow meaning of "salary." If it were, the only lesser discipline that would seem to fit within its scope would be withholding of the annual increment. Indeed[,] such a narrow interpretation would not only negate the parties' . . . agreement about the arbitrator's remedial authority under this

_____

[2] The statute reads, in relevant part,

> [i]f, following receipt of the written response to the charges, the commissioner is of the opinion that they are not sufficient to <u>warrant dismissal or reduction in salary of the person charged</u>, he shall dismiss the same and notify said person accordingly. If, however, he shall determine that such charge is sufficient to <u>warrant dismissal or reduction in salary of the person charged</u>, he shall refer the case to an arbitrator . . . .
>
> [N.J.S.A. 18A:6-16 (emphasis added).]

legislation to modify termination to a suspension without pay, but also exclude demotion of a tenured employee, which by definition includes a reduction in pay, from the prescribed protections of this legislation. As an additional consideration, under the New Jersey statutory framework, tenure—like certification—is separable rather than necessarily coterminous for teachers and principals. Consequently, the intended scope of the cited language provides for the application of the procedural protections of the act, including the decisional and remedial authority of the arbitrator, to extend to the various disciplinary employment actions within the broad meaning of reduction in salary.

[(Footnotes omitted).]

Citing In re Fulcomer, 93 N.J. Super. 404 (App. Div. 1967), where this court recognized mitigating factors are relevant to disciplinary action in a tenure charge matter, the arbitrator concluded that Sanjuan's conduct warranted the loss of her administrative position but did not require a complete termination of her employment. He reasoned her conduct was limited in scope "in light of her long and solid record of service, predominantly as a teacher, and the effect on her public school career," both which justified "equitable mitigation." Thus, he concluded "rather than justifying the loss of her entire career, . . . [Sanjuan's] conduct . . . warrants retention of her tenured teaching role," requiring the district to "reinstate her to a teaching position" as a fourth-grade teacher.

As for Sanjuan's salary, the arbitrator concluded that her failure to "take ownership and be literally accountable for her paper placement/pointing behavior, particularly after viewing the video, warrant[ed] that her reinstatement . . . be without back[ ]pay," and the Board was not required to restart Sanjuan's pay and benefits until "[sixty] days [after] receipt of this [a]ward." Thus, in addition to the suspension without pay for one hundred and twenty days upon certification of the tenure charges, Sanjuan was suspended for an additional sixty days.

Sanjuan filed an order to show cause and a verified complaint in the Law Division, seeking to vacate the arbitration award; reinstate her as assistant principal; and a return of lost wages beginning from January 21, 2021.[3] The trial court denied Sanjuan relief, confirming the entire arbitration award. In an addendum to the order, the court reasoned that N.J.S.A. 18A:28-5—which prescribes the way that teaching staff members obtain tenure, stating "they shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming . . . or other just cause"—contemplates a remedial measure "short of termination when it mentions 'reduction in compensation'" due to "solid service to the school district" as recognized in

_____

[3] Sanjuan also requested that "even if the [c]ourt d[id] not immediately reinstate [her] . . . to her previous position as [a]ssistant [p]rincipal, the [c]ourt should set this matter down for a new hearing before a different arbitrator."

Linden Board of Education v. Linden Education Association ex rel. Mizichko, 202 N.J. 268 (2010). This was supported by the court's determination that, according to In the Matter of Tenure Charges of David Petrella School District of the Town of Hackensack, Bergen County, Agency Dkt. No. 292-11/19, "an arbitrator [is] not limited in his/her remedial authority."

Regarding Sanjuan's claim for backpay, the court held that because it affirmed the arbitrator's award sustaining the tenure charges albeit without penalizing her by terminating her employment, she was not entitled to backpay from the one hundred and twenty days that she was suspended without pay. In sum, the court resolved that since there was no showing of "fraud, corruption, or similar wrongdoing on the part of the arbitrator, [his] decision may not be vacated." N.J.S.A. 2A:24-8.

## II.

In her appeal, Sanjuan argues the trial court erred in failing to find that the arbitrator exceeded his statutory authority by demoting her from assistant principal position to a classroom teaching position. She further argues the court erred in failing to find that because it confirmed the arbitrator's award that her employment was not terminated, she "should have been reinstated immediately with full pay" effective the date of her suspension without pay on

August 31, 2020. To address these issues, we first detail the law governing our review of proceedings under TEHL.

An arbitrator's determination in a tenure case "shall be final and binding," but it is "subject to judicial review and enforcement as provided pursuant to N.J.S.[A. ]2A:24-7 [to -10]." N.J.S.A. 18A:6-17.1. Pertinent to this appeal, a trial court may vacate an arbitration award "[w]here the award was procured by . . . undue means" or "[w]here the arbitrator[] exceeded or so imperfectly executed [his or her] powers that a mutual, final and definite award upon the subject matter submitted was not made." N.J.S.A. 2A:24-8(a) and (d). "Undue" means occurs due to "an arbitrator's failure to follow the substantive law." In re City of Camden, 429 N.J. Super. 309, 332 (App. Div. 2013). An arbitrator exceeds his or his authority by ignoring "the clear and unambiguous language of [a statute]." City Ass'n of Supervisors & Adm'rs v. State Operated Sch. Dist. of City of Newark, 311 N.J. Super. 300, 312 (App. Div. 1998). Accordingly, an arbitrator's authority is limited by statute and "the questions framed by the parties in a particular dispute." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 12 (2017) (quoting Local No. 153, Office & Prof. Emps. Int'l Union v. Tr. Co. of N.J., 105 N.J. 442, 449 (1987)). Because we owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from the established facts, we review the

10                                                                    A-3273-20

court's decision on a motion to vacate an arbitration award de novo. Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018).

A.

Sanjuan argues that because her tenure was not terminated, she should be reinstated to full pay effective August 31, 2020, when her suspension without pay for one hundred and twenty days commenced. We are not persuaded.

When tenure charges are filed against a teaching staff member under N.J.S.A. 18A:6-14, the board of education may suspend "the person against whom such charge is made, with or without pay, but, if the determination of the charge . . . is not made within 120 calendar days after certification of the charges, excluding all delays which are granted at the request of such person, then the full salary (except for said 120 days) of such person shall be paid beginning on the one hundred twenty-first day until such determination is made."

There is no merit to Sanjuan's assertion that she is entitled to return of her full pay taken from her during her one-hundred-and-twenty-day suspension-without-pay period because she was not terminated. Although she was not terminated, the arbitrator determined, which the trial court upheld, that

11

the Board proved her conduct was unbecoming. In fact, she does not challenge that determination on appeal. The arbitrator determined that Sanjuan's two-decades plus "solid service to the school district" was a significant factor mitigating against her termination. The retention of her employment did not dismiss or render moot the tenure charges. Because it was determined Sanjuan committed unbecoming conduct, the plain meaning of N.J.S.A. 18A:6-14 authorizes and supports the arbitrator's determination Sanjuan was not entitled to a return of the salary she did not receive during her suspension without pay.

B.

The arbitrator's belief—confirmed by the trial court—that he had the authority under our tenure laws to demote Sanjuan to a classroom teaching position from her tenured assistant principal position for unbecoming conduct was mistaken. N.J.S.A. 18A:6-10 requires that no tenured employee of the public school system "shall be <u>dismissed or reduced in compensation</u>, . . . except for inefficiency, incapacity, unbecoming conduct, or other just cause." (Emphasis added). Similarly, under N.J.S.A. 18A:6-16, this disciplinary limitation is reiterated wherein it states that for tenure charges to proceed to an arbitrator the Commissioner must "determine that such charge is sufficient to <u>warrant dismissal or reduction in salary</u>." (Emphasis added).

12

To determine and effectuate N.J.S.A. 18A:6-10's intent, we examine its words' "ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." N.J. Election Law Enf't Comm'n v. DiVincenzo, 451 N.J. Super. 554, 576 (App. Div. 2017) (quotation marks omitted). The ordinary and well understood meaning of "dismissal" in the context of employment is "to permit or cause to leave," or "to remove from position or service." Merriam-Webster Dictionary 360 (11th ed. 2020). The common meaning of "reduce" is to "diminish in size, amount, extent, or number." Merriam-Webster Dictionary 1044 (11th ed. 2020). Thus, a reduction in an employee's compensation is done through a suspension without pay or a salary increment withholding. Contrary to the Board's contention, relying on these dictionary definitions is consistent with our jurisprudence, as it enables us to understand the Legislature's intent in how school boards may discipline its tenured teaching staff. See Thompson v. Potenza, 364 N.J. Super. 462, 469 (App. Div. 2003) (noting "[d]ictionary definitions may be utilized to determine a word's common meaning").

The arbitrator's award demoting Sanjuan is inconsistent with the disciplinary action set forth in N.J.S.A. 18A:6-10. That clear statutory mandate provides that tenure charges that are sustained against a tenured teaching staff member can only result in termination or depriving her or him

A-3273-20

salary. The latter can be done through an increment withholding, a period of suspension without pay, or both. Nowhere does the statute provide that an employee can be demoted. To "demote" is "to reduce to a lower grade or rank" or "to relegate to a less important position." Merriam-Webster Dictionary 332 (11th ed. 2020). Even though, as the Board argues, a demotion of Sanjuan results in a reduction of her salary, a demotion by its definition and in fact, is more than that. The arbitrator's award takes Sanjuan from a high-level school-based administrative position to a classroom teaching position, not only with lesser salary for the rest of her career with the Board, but with none of the supervisory responsibilities required of an assistant principal. The difference is stark and beyond the statute's plain meaning.

Since the enactment of N.J.S.A. 18A:6-10 and N.J.S.A. 18A:6-16 in 1967, requiring that the Commissioner of Education conduct a hearing and determine whether the penalty of dismissal or reduction in compensation be imposed for sustained tenured charges,[4] and after the enactment of the TEHL requiring that an arbitrator decide tenure cases, we have found no case law upholding the penalty of demoting a tenured teaching staff member to a lower-titled, previously held tenured classroom teaching position. The trial

---

[4] L. 1967, c. 271.

court's reliance upon In re Fulcomer, Linden, and In re David Petrella to support its determination that the arbitrator had the authority to impose the lesser penalty of demoting Sanjuan instead of terminating her is misplaced.

In In re Fulcomer, a dispute prior to the TEHL, this court determined that the Commissioner of Education misinterpreted his statutory powers and remanded the tenure case to the Commissioner

> for the purpose of making an affirmative decision as to the proper penalty to be imposed. Such penalty should be based upon the Commissioner's findings as to the nature and gravity of the offenses under all the circumstances involved, any evidence as to provocation, extenuation or aggravation, and should take into consideration any harm or injurious effect which the teacher's conduct may have had on the maintenance of discipline and the proper administration of the school system.

[93 N.J. Super. at 422.]

While recognizing the Commissioner could consider a teacher's prior good behavior and teaching ability in imposing discipline where tenure charges are sustained, id. at 421-422, we did not address the issue raised here as to whether an arbitrator had the authority to demote a tenured employee for unbecoming conduct rather than dismissing her or him.

In Linden, our Supreme Court held that the arbitrator had the authority to issue a suspension without pay instead of terminating a custodian for misconduct based upon the arbitrator's application of the collective bargaining

agreement (CBA) between the custodian's collective bargaining unit and the Linden Board of Education. 202 N.J. at 270-71. The Court ruled that under the CBA and the question presented to the arbitrator—"Did the Board of Education have just cause to terminate the employment of [the custodian]? And, if not, what shall be the remedy?"—the arbitrator "imposed a fair sanction" of suspension without pay based upon his reasonably debatable decision that there was no just cause for termination. Id. at 277, 281. The Court emphasized that "[t]he [CBA] language drives our decision." Id. at 281.

The controversy in Linden did not involve an arbitrator's determination under N.J.S.A. 18A:6-10, whether to "dismiss[] or reduce[] in compensation" of a tenured teaching staff member for unbecoming conduct, as is the situation here. The arbitrator's authority to demote a tenured teaching staff member was not before the Court.

As for In re David Petrella, the arbitrator determined that tenure charges were sustained and "dismissed" Petrella from his tenured athletic director position and any other tenured position he held in the Hackensack school district. Petrella v. Hackensack Bd. of Educ., No. A-2113-19 (App. Div. Mar.

16

5, 2021), slip op. at 2.[5] The arbitrator did not hold he had the statutory authority to demote Petrella to a lower-titled previously held tenured position. Thus, there was no basis for the trial court to rely upon In re David Petrella for the proposition that an arbitrator has the authority to impose the discipline of demotion in a tenure matter.

Because our Legislature chose not to include demotion as a penalty for a teaching staff member, an arbitrator has no authority to impose that form of disciplinary action upon finding that a board of education sustained tenure charges. Moreover, neither party contended before the arbitrator that in lieu of terminating Sanjuan, he had the authority to demote her to her former classroom teaching position.

Accordingly, we vacate the trial court's order upholding the arbitrator's award demoting Sanjuan due to her unbecoming conduct. We remand to the arbitrator to issue a supplemental award regarding to what extent, if any, her salary should be reduced through a further suspension without pay or increment withholding, or a combination thereof. We recognize that the arbitrator has already determined Sanjuan is suspended without pay for sixty days beyond the initial one-hundred-and-twenty-day suspension imposed by

---

[5] We cite an unpublished opinion for factual support of the arbitrator's ruling. See Barnes v. Sherrer, 401 N.J. Super. 172, 176 (App. Div. 2008); see also R. 1:36-3.

the Board. We take no position whether Sanjuan's salary should be further reduced.

In reaching this resolution, we reject the Board's position that if we determine the arbitrator exceeded his authority, the arbitrator should be given the opportunity to reconsider the penalty of termination. The arbitrator has already determined that Sanjuan should not be terminated; therefore, we discern no legal or equitable basis to have him revisit that ruling.

We leave it to the arbitrator's discretion to entertain any oral argument or written submissions on remand. The arbitrator shall issue his supplemental award within ninety days upon receipt of this decision from either party. Thereafter, either party may exercise their rights under the law to confirm or vacate the award.

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION