**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1449-22

SOFIA PEREZ,

     Plaintiff-Appellant,

and

CECILIA PEREZ,

     Plaintiff,

v.

GABRIELA VILLASENOR,
and ESTAFANIA VILLASENOR,

     Defendants-Respondents.

_____

Argued January 17, 2024 – Decided January 24, 2024

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2959-19.

David A. Gardner argued the cause for appellant.

Brian Michael Bartlett argued the cause for respondents (Leyden, Capotorto, Ritacco, Corrigan & Sheehy, attorneys; Lauren Chaump, of counsel and on the brief).

PER CURIAM

Plaintiff Sofia Perez appeals from the Law Division's November 18, 2022 order denying her motion for reconsideration of the trial court's October 3, 2022 order granting defendants' Gabriela Villasenor and Estefania Villasenor's motion for summary judgment and dismissing her complaint with prejudice.[1] Because the trial court failed to adequately address the factual and legal issues raised by the parties, we reverse and remand for further proceedings.

On November 29, 2017, plaintiff was driving her car and was rear-ended by defendant Gabriela Villasenor. Plaintiff alleged she incurred injuries as a result of the accident.

Plaintiff was insured and had elected the verbal threshold limitation as permitted under the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35. Pursuant to N.J.S.A. 39:6A-8(a), an insured who makes this selection may maintain an action for noneconomic losses only if she

---

[1] Plaintiff did not file a timely notice of appeal from the trial court's order granting defendants' motion for summary judgment. Therefore, we previously issued an order limiting plaintiff's appeal to her challenge to the denial of her motion for reconsideration.

"has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." (emphasis added).

N.J.S.A. 39:6A-8(a) requires a plaintiff seeking to recover noneconomic losses to file "a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician." Under penalty of perjury, the certification must state that the plaintiff has sustained at least one of the injuries described above. Ibid. The physician's certification must be based on objective clinical evidence, which may include medical testing, but this testing cannot be "dependent entirely upon subjective patient response." Ibid. The physician must file the certification within sixty days following the date of the answer to any complaint filed by the plaintiff, although an extension of up to sixty days may be granted by the trial court upon a finding of good cause. Ibid.

Plaintiff filed her complaint against defendants[2] on November 29, 2019. Plaintiff alleged in count one that she sustained "serious and permanent personal

---

[2] Plaintiff named the driver of the car that struck her vehicle, Gabriela Villasenor, and Gabriela's parent, Estefania Villasenor, as defendants.

injuries requiring the care and treatment of physicians, hospitalizations[,] and medication," and that she would continue to suffer "pain, suffering[,] and a loss of enjoyment of life as well as such further damages proven at time of trial."[3] Because plaintiff was seeking noneconomic damages for her injuries, AICRA required that she prove that her injuries fell within one of the six categories set forth in N.J.S.A. 39:6A-8(a).

Defendant filed an answer to the complaint on January 3, 2020. Plaintiff did not file the treating physician certification required by N.J.S.A. 39:6A-8(a).

However, during the discovery period, plaintiff provided answers to defendants' interrogatories. Asked to provide a "detailed description of [the] nature, extent[,] and duration of any and all injuries[,]" plaintiff replied that she suffered a "[c]losed displaced intraarticular fracture of the head of the radius of the right elbow." She claimed this fracture was also permanent under the separate category for permanent injuries set forth in N.J.S.A. 39:6A-8(a). In addition, plaintiff asserted she had incurred a permanent "[a]ggravated/[e]xacerbated shoulder tear."

---

[3] Plaintiff's complaint included a second count alleging that a passenger in her car, Cecilia Perez, also suffered injuries. The outcome of any proceedings involving this individual is not clear from the record and none of the parties' arguments on appeal concern this individual.

In her interrogatory answers, plaintiff described the diagnostic tests conducted of her elbow injury. Plaintiff wrote that x-rays taken on December 12, 2017 "showed [a] displaced intraarticular fracture of [her] right radial head." A follow-up x-ray on January 8, 2018 "revealed [full] healing with no further displacement."

Sometime during discovery, plaintiff either provided, or defendants obtained on their own, copies of two written reports prepared by Dr. Kevin C. McDaid, who was plaintiff's treating physician. McDaid's December 19, 2017 report stated that "[e]lbow x-rays . . . taken in the Emergency Room" on that date "show[ed] a minimally displaced intraarticular radial head fracture." McDaid assessed the injury as a "[c]losed displaced fracture of head of right radius," and prescribed treatment appropriate for a "[c]losed displaced fracture of head of right radius."

In his February 23, 2018 report, McDaid's assessment of the injury remained the same. He noted there had "been no further displacement" and continued to provide treatment to plaintiff for a "[c]losed displaced fracture of head of right radius." Plaintiff did not list McDaid or any other physician as an expert in her interrogatory answers.

A-1449-22

Defendants retained an expert, Dr. Joseph R. Zerbo, who conducted an examination of plaintiff on June 21, 2021. Zerbo also reviewed plaintiff's medical records, including the two McDaid reports. Zerbo prepared reports in which he stated that plaintiff suffered a "[n]on-displaced healed fracture of the right radial head" in her elbow and that this fracture was now fully healed and, therefore, not permanent.

After the discovery period ended on April 30, 3022, the parties went to arbitration on July 14, 2022. Arbitration was unsuccessful.

On August 2, 2022, defendants filed a motion for summary judgment. Citing Zerbo's opinion that plaintiff's elbow injury was not permanent, defendants argued that her complaint had to be dismissed under N.J.S.A. 39:6A-8(a).

In their brief, defendants relied upon Zerbo's expert opinion that plaintiff's elbow injury was not permanent and that plaintiff had failed to name an expert who could contradict Zerbo's position on the issue of permanency. Defendants also pointed out that Zerbo had opined that plaintiff suffered a "non-displaced fracture of the radial head [that] had gone into complete radiographic and clinical healing."

6

Plaintiff filed opposition to the motion on August 30, 2022. Plaintiff's principal argument was that she had suffered a displaced fracture in the accident and that a displaced fracture is one of the injuries listed in N.J.S.A. 39:6A-8(a) that permits the insured to seek noneconomic damages. A plaintiff who has suffered a displaced fracture does not have to also show that the injury is permanent. Permanency is a separate category of injury covered by N.J.S.A. 39:6A-8(a). Villanueva v. Lesack, 366 N.J. Super. 564, 565 (App. Div. 2004). Significantly, plaintiff no longer claimed that any of her injuries were permanent..

In addition, plaintiff submitted a late physician's certification from McDaid. In this August 10, 2022 submission, McDaid certified "within a reasonable degree of medical probability that [plaintiff] has sustained the following injuries to body parts as a result of the [November 29, 2017] motor vehicle accident: minimally displaced intraarticular radial head fracture of the right elbow." McDaid further stated that the December 12, 2017 and February 22, 2018 right elbow x-rays cited in his reports supported his diagnosis.

On September 9, 2022, the trial court heard oral argument on defendants' motion. Plaintiff's attorney argued that plaintiff suffered a displaced fracture of her elbow and that this injury enabled her to seek noneconomic damages under

7

N.J.S.A. 39:6A-8(a).  Defendants' attorney responded by asserting that plaintiff had failed to file a "certificate of permanency" or any "expert report speaking to permanency."  The trial court reserved decision.

On October 3, 3022, the court rendered a brief written decision granting defendants' motion for summary judgment.  The order mistakenly stated that defendants' motion was "unopposed."  The court's decision did not refer to plaintiff's argument that she suffered a displaced elbow fracture that enabled her to vault the verbal threshold requirement of N.J.S.A. 39:6A-8(a).  The court did not attempt to resolve the factual dispute between the parties as to whether the plaintiff had a displaced or a non-displaced fracture.

Instead, the court relied upon a case setting forth the factors a plaintiff must prove to demonstrate she suffered a permanent injury, Jacques v. Kinsey, 347 N.J. Super. 112, 117 (Law Div. 2001), and concluded:

> In the present case, plaintiff is subject to the limitation on lawsuit threshold.  Accordingly, plaintiff is required to prove a permanent injury through objective, credible medical evidence.  Plaintiff has not provided any expert opinion that she sustained a permanent injury based on objective, credible medical evidence.
>
> Accordingly, [p]laintiff cannot sustain [her] burden of proof and thus, [d]efendant's [m]otion for [s]ummary [j]udgment is hereby GRANTED.

8

Plaintiff thereafter filed a motion for reconsideration. Plaintiff argued that in opposition to the summary judgment motion, she submitted McDaid's reports stating that plaintiff had sustained a displaced elbow fracture that enabled her to pass the verbal threshold without regard to whether the injury was permanent. Plaintiff also asserted that although it was late, the court should accept and consider McDaid's certification, which essentially repeated the information set forth in McDaid's reports and in her answers to interrogatories.

Following oral argument, the trial court denied plaintiff's motion on November 18, 2022. In a short written opinion, the court ignored plaintiff's answers to interrogatories, McDaid's reports, and defendants' own expert's reports that summarized McDaid's findings. Instead, the court incorrectly stated that plaintiff failed to present any evidence that she had a displaced fracture "before the end of the discovery period and arbitration." Finding that "[a]mendments to interrogatory answers are impermissible" absent exceptional circumstances, the court declined to reconsider its prior dismissal of plaintiff's action. This appeal followed.

On appeal, plaintiff argues that the trial court erred by denying her motion for reconsideration. We agree.

A-1449-22

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Reconsideration should only be granted in :those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

After reviewing the entire record in the light of this standard, we are convinced that the trial court mistakenly exercised its discretion when it refused to reconsider its decision granting summary judgment to defendants. The court's decision to grant summary judgment was "palpably incorrect" because the court found that plaintiff's complaint had to be dismissed because she did not prove she sustained a permanent injury in the accident. Here, however, plaintiff was not alleging a permanent injury. Instead, she claimed to have suffered a displaced fracture of her elbow.

A-1449-22

"To vault AICRA's verbal threshold, an accident victim need only prove an injury as defined in the statute. Davidson v. Slater, 189 N.J. 166, 181 (2007). A displaced fracture is specifically listed in N.J.S.A. 39:6A-8(a) as one of the six categories of injuries that enable a plaintiff to get over the verbal threshold. A permanent injury is an entirely separate category under the statute.

> Indeed, the Legislature has categorized displaced fractures separate from other injuries that are required to be permanent to permit compensation for noneconomic loss; instead, displaced fractures are listed in the statute along with death, dismemberment, loss of a fetus, and significant disfigurement or scarring, forms of harm which, consistent with our jurisprudence, have allowed a plaintiff to sue for noneconomic damages without the need for a plaintiff to prove the injury has had a serious impact upon her life.
>
> [Villanueva, 366 N.J. Super. at 569.]

Therefore, the trial court clearly erred by holding that plaintiff was required to demonstrate that she had sustained a permanent injury. All plaintiff had to show was that she had suffered a displaced fracture in the accident.

The trial court did not address plaintiff's claim on this point. It failed to even mention the issue, even though both parties had raised it at oral argument. Like every other case that comes before our courts, the resolution of this matter "required a careful analysis and the requisite findings to insure a just result."

Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001). This case cried out for "a clear and concise determination that [plaintiff] [had] been heard and [her] arguments considered." Ibid.

That did not occur here. Because the trial court granted summary judgment without considering or appreciating "the significance of probative, competent evidence," the court should have reconsidered its decision. Cummings, 295 N.J. Super. at 384.

The trial court should also have revisited its summary judgment decision because there was clearly a dispute between the parties as to whether plaintiff suffered a displaced fracture or a non-displaced fracture. While the court found that plaintiff needed to present an expert in order to prove a permanent injury, it made no ruling concerning whether an expert was needed to prove the status of plaintiff's fracture or whether McDaid, as the treating physician, was competent to perform this analysis. Because there was a genuine issue as to these material facts, summary judgment was inappropriate, absent a full airing and resolution of the matter by the court. R. 4:46-2.

Because of this, the trial court's denial of plaintiff's motion for reconsideration cannot stand. The court's rationale for that decision lacked a cogent basis in the record. The court found that plaintiff raised the issue of the

12                                                                              A-1449-22

displaced fracture for the first time in its reconsideration motion. However, as set forth in detail above, plaintiff provided defendants and the court with her answers to interrogatories and McDaid's reports during the discovery period. Defendants' expert referred to this information in his reports. Thus, the court's finding that "[p]laintiff did not present that evidence before the end of the discovery period and arbitration" is clearly incorrect.

To be sure, plaintiff's physician certification was woefully out of time. However, the trial court did not directly address this issue in any of its decisions. It is well established that a court should not automatically dismiss a plaintiff's complaint when the certification required by N.J.S.A. 39:6A-8(a) is filed late. Casinelli v. Manglapus, 181 N.J. 354, 365 (2004). As the Supreme Court stated:

> [W]e view the tardy presentation of a physician certification as falling under the broad umbrella of failure to make discovery, thus subject to the arsenal of remedies provided in our rules for such procedural errors. Put another way, the [trial] court has available to it, along with dismissal, where warranted, discovery-type sanctions such as orders to compel, the award of reasonable expenses incurred in obtaining the certification, and counsel fees. See R. 4:23-1 to -5. In each case, the court should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the certification, the proximity of trial, and prejudice to the adversary, and apply the appropriate remedy. That methodology provides judges with discretion to choose a response that is proportionate to the procedural stimulus; saves for trial the meritorious

claims of truly injured victims; and allows dismissal of cases in which a plaintiff cannot or will not supply a certification or in which a plaintiff's conduct has irremediably prejudiced the defendant.

[Casinelli, 181 N.J. at 365.]

Because the trial court did not fully consider the issue of an appropriate remedy for plaintiff's late submission of the physician's certification, we must remand this matter to enable that to occur.

In sum, the trial court's decision on the summary judgment motion was based upon an incorrect legal premise, namely, that a plaintiff must demonstrate she has sustained a permanent injury to vault AICRA's verbal threshold. When plaintiff brought this mistake to the court's attention and again pointed out the information on which her displaced fracture claim was based, the court should have reconsidered its prior decision and rendered a new decision supported by detailed findings of fact and conclusions of law.

We therefore reverse the trial court's denial of plaintiff's motion for reconsideration and remand this matter for further proceedings. We suggest that the court, as an important first step, conduct a case management conference with the parties to discuss the issues that need to be resolved, the manner in which this resolution should occur, and a time schedule for the completion of these tasks.

14

In remanding, we make no determination respecting the sufficiency of plaintiff's injury or whether it in fact satisfied the verbal threshold. Nothing within this opinion forecasts any views on the merits of plaintiff's claims against defendants nor on the question of whether defendants may be entitled to prevail on these issues once they are fully considered by the court.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-1449-22